UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    CASE NO. 18-19075-EPK
                                                          CHAPTER 13
DARIN S. ENGELHARDT,

      Debtor.

_____/

**RESPONSE TO EMERGENCY MOTION FOR ORDER CONFIRMING THAT THE
AUTOMATIC STAY DOES NOT APPLY, OR IN THE ALTERNATIVE, RELIEF
FROM <u>THE AUTOMATIC STAY (ECF 5)</u>**

COMES NOW, Debtor, Darin S. Engelhardt, by and through the undersigned counsel and hereby files this Response to Emergency Motion for Order Confirming that the Automatic Stay Does Not Apply, Or In the Alternative, Relief from the Automatic Stay (ECF 5) and states as follows:

1.      Debtor objects to the relief sought by Creditor, Steve Geller, requesting immediate relief from the automatic stay.  Debtor does not oppose the factual basis for the stated relief but requires time to remove personal property and furniture belonging to himself and his wife which has significant value.  Such property includes furniture and other personal possessions.  Debtor's home is approximately 11,000 square feet and moving such personal property is not an overnight proposition.

2.      Much of this personal property and furniture is property of the estate and the requirement to immediately move it has the effect of potentially depriving Debtor of such assets.

3.      Prior to the Creditor filing the Emergency Motion, undersigned

counsel did speak with State Court counsel, Attorney Stephen Padula, and indicated that Debtor could agree to the Motion, provided that Debtor was given sufficient time to adequately move his furniture and other personal possessions from the property.

4.    Creditor's assertion that the property is diminishing in value does not accurately represent the situation as it exists.  Undersigned counsel represented to Attorney Padula that to the extent that any repairs are needed and required to preserve its value, that the Debtor would, in no way, impede such repairs and in fact, would give full access to any repair or remodeling efforts by Creditor.

5.    Debtor has further been hampered by the medical condition of his wife, who is suffering from severe depression and other aliments which have resulted in her being bedridden for some time.

6.    It is further alleged that Creditor is an over secured creditor who will profit greatly from the sale of this house, arguably, through the misfortune of Debtor and that the extra week or two that Debtor requires to move out of his home will not have a diminished effect upon Creditor's property.  Debtor is opposing relief from stay only to the extent that he is asking for immediate and emergency relief.  Were this Court to grant the Motion and provide Debtor with time through August 22, 2018, Debtor would agree to the relief requested.  Movers have already been hired and Debtor will provide such proof to this Court by filing a separate Notice.

WHEREFORE, Debtor, Darin S. Engelhardt, requests this Court deny the Emergency Motion for Order Confirming that the Automatic Stay Does Not Apply, or in the Alternative, Relief from the Automatic Stay and/or grant it but allow 14 days for it to become effective.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished electronically where available or by regular mail to all those enumerated below this the 6th day of August, 2018.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2090-1(A).

RAPPAPORT OSBORNE & RAPPAPORT, PLLC
Attorneys for Debtor
1300 North Federal Highway
Suite 203, Squires Building
Boca Raton, Florida 33432
Telephone:  (561) 368-2200
Facsimile:  (561) 338-0350

BY:  _____/s/_____
       JORDAN L. RAPPAPORT, ESQ.
       FL Bar No. 108022

SERVICE LIST:

Joe M. Grant    jgrant@msglaw.com,
Thomas G. Zeichman    tzeichman@msglaw.com
jenna-munsey
6083@ecf.pacerpro.com;efile@msglaw.com;mg197ecfbox@gmail.com
Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
Robin R Weiner    ecf@ch13weiner.com;ecf2@ch13weiner.com

Long Lakes Estates Property Owners Assn.
c/o Joseph Arena, Esq.
Sachs Sax Caplan
611 Broken Sound Parkway Northwest, Suite 200
Boca Raton, FL 33487

PUSA 2300, LLC fka Propane USA Distribution, Inc.
c/o Eric L. Glazer, Esq., Reg. Agent
2300 Corporate Blvd. Northwest, Suite 232
Boca Raton, FL 33431

Internal Revenue Service
Central Insolvency Operation
P.O. Box 7346
Philadelphia, PA 19101-7346

Morgan Stanley Private Bank, N.A.
c/o Shairo Fishman & Gache, LLP
2424 North Federal Hwy., Suite 360
Boca Raton, FL 33431

Palm Beach County Tax Collector
P.O. Box 3715
West Palm Beach, FL 33402-3715